# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**WILLIAM LEE GRANT II,**

    Plaintiff,

v.                                                                                 No. 21-cv-0377 SMV

**DONALD HENRY RUMSFELD, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUERIS AND
## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2], filed on April 23, 2021.

### Application to Proceed *in Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2]. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's expected income next month is $240.00; (ii) Plaintiff's monthly expenses total $240.00; (iii) Plaintiff has no money in cash or in bank accounts; and (iv) Plaintiff has over $50,000.00 in debts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses equal his low monthly income. *See id.* Thus, Plaintiff may proceed *in forma pauperis*.

**Order to Show Cause**

Plaintiff alleges that Defendants, who are or were officers and employees of the United States, violated Plaintiff's rights from his birth in 1990 through 2020. *See* [Doc. 1]. The factual allegations indicate, among other things, that Plaintiff was required to work in the basement of the Pentagon from 1990 to 1992, has been unlawfully detained for 30 years, was required to act gay, had the enamel drilled off his teeth by a dentist, was "stripped" of his driver's license, had his cases in the Central District of Illinois improperly interfered with, and that Plaintiff "was genetically-engineered . . . in 1990." [Doc. 1] at 3, 5, 14–15, 18, 22. Plaintiff seeks $99 trillion in damages. *See id.* at 22.

A search on the PACER Case Locator using Plaintiff's name shows that Plaintiff has filed over 200 civil cases in United States Courts in Alabama, Alaska, Arkansas, California, Colorado,

Delaware, District of Columbia, Florida, Georgia, Guam, Hawaii, Indiana, Illinois, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, New Jersey, New York, North Carolina, Northern Mariana Islands, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wyoming from 2017 through 2020. The complaints in many of those cases contain factual allegations and assert claims similar to those in the Complaint in this case. Many of those cases have been dismissed as frivolous and for failure to state a claim, and several have been dismissed with prejudice which means Plaintiff is foreclosed from filing suit again on those claims. *See, for example*, No. 1:20cv01838 (D.D.C.); No. 0:2019cv02931 (D. Minn.); No. 2:19cv05607 (E.D. Pa.); No. 1:202cv00173 (D. Va.); No. 1:2019cv00137 (C.D. Ill.).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff show cause: (i) why the Court should not dismiss this case because Plaintiff's claims have previously been dismissed as frivolous; and (ii) why the Court should not dismiss this case with prejudice for failure to state a claim. Plaintiff's show-cause response is due no later than **June 2, 2021**. Failure to timely show cause may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**